UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/8/2026___
```

-------------------------------------------------------------------X
              :

CHUKWUEMEKA OKPARAEKE,       :
              :

Petitioner,              :     17-cr-225 (NSR)
              :     23-cv-3353 (NSR)

       -against-       :
              :     **OPINION & ORDER**

UNITED STATES OF AMERICA     :
              :

Defendant.            :
-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

       Petitioner Chukwuemeka Okparaeke ("Petitioner" and "Okparaeke") moves pursuant to 28 U.S.C. § 2255 to vacate his conviction on Count Two of the Superseding Information, which charged him with importing 100 grams or more of acryl fentanyl, an analogue of fentanyl, in violation of 21 U.S.C. §§ 813, 952(a), 960(a)(1), 960(b)(1)(F), and 963 (Petitioner ("Pet'r.") Motion ("Mot.") & Memorandum ("Mem."), ECF No. 210 & 257.) Petitioner contends that he was charged under the incorrect statutory penalty provision because acryl fentanyl was, at the time of the offense, a "controlled substance analogue" rather than an "analogue of fentanyl," and therefore subject only to 21 U.S.C. § 960(b)(3). (*Id.*)

       For the following reasons, the Court DENIES Petitioner's motion.

## BACKGROUND

       Between July 2016 and March 2017, Petitioner imported and distributed large quantities of synthetic opioids, including acryl fentanyl, using an online darknet marketplace. (Government ("Gov't") Opposition ("Opp.") at 2–4, ECF No. 237.) In October 2020, Petitioner pleaded guilty to three counts charged in a Superseding Information. (*See* Superseding Information, ECF No. 157.) Count Two charged Petitioner with importing at least 100 grams of acryl fentanyl, described

as "a controlled substance analogue that is an analogue of fentanyl," subjecting him to the enhanced penalty provision of 21 U.S.C. § 960(b)(1)(F). (Gov't Opp. at 3–4.)

As part of the plea agreement, the Government agreed to dismiss several counts from the prior indictment, including a death-resulting narcotics distribution count carrying a mandatory minimum sentence of 20 years' imprisonment. (Gov't Opp. at 3.) At the plea hearing, Petitioner admitted under oath that he knowingly imported acryl fentanyl, that the substance was intended for human consumption, and that he knew acryl fentanyl was substantially similar to fentanyl. (*Id.* at 5-7, 23-24.)

Petitioner did not challenge Count Two on direct appeal. (Pet'r Mem. at 2.) Although he initially raised arguments concerning Count Two before the Second Circuit, he later affirmatively withdrew those arguments. (Gov't Opp. at 8–9.) Petitioner now brings this collateral challenge for the first time. (*Id.* at 1.)

## DISCUSSION

### I.    PROCEDURAL DEFAULT

Petitioner's challenge to Count Two is procedurally barred. Because Petitioner failed to raise this claim on direct appeal—and in fact affirmatively withdrew it—collateral review is unavailable absent a showing of either (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).

#### A. The Claim Was Available and Deliberately Forgone

It is well settled that a claim raised on collateral review is barred unless it was first challenged on direct appeal. *Bousley*, 523 U.S. at 621; *see also Gupta v. United States*, 913 F.3d

81, 84 (2d Cir. 2019). A claim that was available on direct review but not pursued is procedurally defaulted. *Thorn*, 659 F.3d at 231.

Here, there is no dispute that Petitioner's current claim—that Count Two charged him under the incorrect statutory penalty provision—was fully available at the time of his direct appeal. (Gov't Opp. at 14-15.) Indeed, Petitioner initially raised this precise argument before the Second Circuit and then expressly withdrew it "after additional research." (*Id*. at 8.) Where a petitioner knowingly abandons a claim on direct appeal, procedural default applies with full force. *See Murray v. Carrier*, 477 U.S. 478, 486–87 (1986) (failure to raise a claim despite recognizing its basis does not establish cause); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991).

### B. Petitioner Cannot Invoke the Actual Innocence Gateway

Petitioner does not seek to demonstrate cause for his procedural default. (Pet'r Mem. at 2.) Nor does he contend that his claim was novel, unavailable, or foreclosed by precedent at the time of his direct appeal. (Pet'r Mem. at 2–3.) He could not plausibly do so: the statutory provisions at issue long predated his conviction, and the claim he now raises is a purely legal one that required no further factual development. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Because Petitioner expressly declines to assert cause, the Court need not consider prejudice. *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011).

Absent a showing of cause and prejudice, a procedurally defaulted claim may be reviewed only if the petitioner demonstrates actual innocence. *Bousley*, 523 U.S. at 623. That standard is "demanding" and "permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006). Actual innocence means factual innocence, not legal insufficiency. *Bousley*, 523 U.S. at 623; *Poindexter v. Nash*, 333 F.3d 372, 380–81 (2d Cir. 2003). A petitioner must show that, in

light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623.

Petitioner cannot meet that standard. He does not dispute the conduct underlying Count Two. He admitted under oath that he knowingly imported more than 100 grams of acryl fentanyl intended for human consumption and that the substance was substantially similar to fentanyl. (Gov't Opp. at 15–16.) His challenge rests entirely on a legal theory concerning the statutory basis for his conviction. (*See generally* Pet'r Mem.) Such arguments do not establish factual innocence. *See Poindexter*, 333 F.3d at 381 (actual innocence requires showing petitioner "did not commit the crime"). Petitioner admitted under oath that his distribution of U-47700 resulted in a victim's death. (Gov't Opp. at 15-17.) That admission was incorporated into the plea agreement and reflected in the Presentence Report, forming part of the factual basis for the plea. (*Id.* at 23.) On this record, Petitioner cannot plausibly demonstrate that it is more likely than not that no reasonable juror would have convicted him of the dismissed charge. *See Bousley*, 523 U.S. at 623.

Petitioner's claim independently fails for an additional reason. Where the Government has forgone more serious charges as part of a plea agreement, *Bousley* requires the petitioner—as a prerequisite to passing through the actual-innocence gateway—to establish actual innocence of those charges as well. *Bousley v. United States*, 523 U.S. 614, 624 (1998). That requirement is not discretionary. (*Id.*) Here, the Government dismissed a charge alleging distribution of narcotics resulting in death under 21 U.S.C. § 841(a)(1), which carried a mandatory minimum sentence of twenty years' imprisonment—twice the minimum applicable to Count Two. (Gov't Opp. at 16–17.) Petitioner contends that this charge (Count Eight) was not "more serious" than Count Two because, under the Sentencing Guidelines, it would have yielded a similar advisory range. (Pet'r Mem. at 3–5.) That contention misapprehends *Bousley*. The relevant inquiry is whether the

Government abandoned a charge that independently exposed the defendant to materially greater statutory punishment—not a retrospective comparison of guideline calculations after grouping. *See Bousley*, 523 U.S. at 624. In any event, Petitioner does not—and cannot—establish actual innocence of the dismissed death-resulting charge. Petitioner's sworn admissions—that his distribution of U-47700 resulted in a victim's death and that he knowingly imported more than 100 grams of acryl fentanyl intended for human consumption—foreclose any plausible showing of factual innocence. (Gov't Opp. at 15–17); *see Poindexter,* F.3d at 380–81.

Because Petitioner failed to raise his claim on direct appeal and cannot demonstrate actual innocence—either of Count Two or of the more serious charge dismissed pursuant to the plea agreement—his claim is procedurally barred. That conclusion alone requires denial of the petition. *See Bousley*, 523 U.S. at 622; *Gupta*, 913 F.3d at 84.

Accordingly, the Court denies the petition on procedural grounds without reaching the merits.

## CONCLUSION

Petitioner's challenge to Count Two is procedurally barred. He failed to pursue the claim on direct appeal—indeed, he affirmatively withdrew it—and has not demonstrated cause and actual prejudice or actual innocence sufficient to excuse that default. Under settled Supreme Court and Second Circuit precedent, collateral review is therefore unavailable. Because procedural default is dispositive, the Court denies the petition on that basis alone.

Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED. Clerk of the Court is directed to close the civil action at 23-cv-3353 (NSR).

Dated: January 8, 2026
     White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge